Ras Hezekiah Tafari

1569 Torry Pine Drive

Yuba City, California

(530) 845-2679

FILED

SEP 22 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
   DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ras Hezekiah Tafari,<br><br>        Plaintiff,<br><br>v.<br><br>Yvette Rucker, Julie Randall, Garry Moler, Frederick W. Smith, Donald Colleran, FedEx Corporation, Federal Express Corporation, and other unknown employees,<br><br>        Defendants. | Case No.: 2:22 CV 1666 DAD JDP P<br><br>**COMPLAINT**<br><br>**CLAIM FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now, Ras Hezekiah Tafari (hereinafter, "Plaintiff"), hereby alleges as follows:

**INTRODUCTION**

1. This is a case about a man who holds a sincere religious conviction that he shall place no other god before the Supreme Ruler of the Universe and practices to not use an identifying number also known as a social security number. Plaintiff sought a position with Federal Express Corporation (hereinafter, "FedEx Express") and was offered a position with FedEx Express.

The job offer was contingent upon successful completion of the FedEx Express hiring process. The job offer was to be accepted and the hiring process was to be completed online. At a point in the online process, Plaintiff reached a conflict in the process. The computer program that is used for the online process for hiring did not allow Plaintiff to move on to another section without entering a social security number.

1

The request for the social security number conflicted with Plaintiff's religious practice which created an impossibility and a technical issue arose that halted Plaintiff's progress of completing the online task. Plaintiff requested to be accommodated multiple times.

Employees and/or officers employed by FedEx Corporation and Federal Express Corporation failed to provide a response, a religious accommodation, and any other helpful solutions that would help Plaintiff complete the hiring process.

Notwithstanding ample opportunity to review the unlawful actions of its employees and officers and refresh itself on the obligations to make accommodations under Title VII of the Civil Rights Act of 1964 (hereinafter Title VII), Defendants were determined to rescind the job offer of employment for the position because of Plaintiff's religious practice of refusing to disclose a social security number. Defendants failed to act in good faith, denied a reasonable religious accommodation, and refused to hire Plaintiff because of his religion.

## JURISDICTIONAL ALLEGATIONS

2. This Court has jurisdiction over these claims because they arise under the laws of the United States pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is proper in the Eastern District of California, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district.

4. Administrative remedies have been exhausted; complied with the statutory prerequisites under Title VII by filing charges with the Equal Employment Opportunity Commission ("EEOC") and a Notice of Right to Sue was provided by the EEOC.

## PARTIES

5. Plaintiff is the man bringing this case to the Court's attention.

6. FedEx Corporation (hereinafter "FedEx") is the parent company of Federal Express

Tafari v Federal Express Corporation et al                 2

Corporation.

7. Federal Express Corporation is the corporation that offered a job to Plaintiff.

8. Frederick W Smith (hereinafter Frederick) was the Chairman and Chief Executive Officer of FedEx at the time the acts and omissions occurred.

9. Donald Colleran (hereinafter Donald) was the President and Chief Executive Officer of FedEx Express at the time the acts and omissions occurred.

10. Yvette Rucker is a Senior Recruitment Specialist.

11. Julie Randall is Yvette Rucker's manager.

12. Garry Moler is the manager of station operations for FedEx Express.

13. Defendants other unknown employees are employed by FedEx and/or FedEx Express.

14. At all relevant times, Defendants other unknown employees were employed, accountable under prohibitions of Title VII and within the scope of their employment.

## GENERAL FACTUAL ALLEGATIONS

15. Plaintiff is a man who holds a sincere religious conviction.

16. Plaintiff's religious conviction is that he is bound by the laws of the Supreme Ruler of the Universe.

17. It is Plaintiff's religious belief that he is an act of God.

18. Due to Plaintiff's religious practice, he does not disclose an identifying number (hereinafter social security number).

19. Plaintiff observes the Bible verse of Exodus 20:3, thou shalt have no other gods before me.

20. Plaintiff shall not be denied any right by law because of Plaintiff's refusal to disclose a social security number.

21. Plaintiff shall not be compelled to disclose a social security number.

Tafari v Federal Express Corporation et al     3

22. Plaintiff received a job offer dated January 11, 2022 for the position of part time senior service agent.

23. On January 12, 2022, via email, Yvette stated to go to the web and accept the job offer.

24. On January 13, 2022, via email, Plaintiff expressed to Yvette that he was still interested in the position.

25. On January 13, 2022, via email, Plaintiff stated that he accepted the job offer.

26. On January 13, 2022, via email, Plaintiff expressed to Yvette that technical difficulties arose.

27. The technical difficulty was that the online program for the hiring process would not allow Plaintiff to move forward.

28. The online hiring process program requested that Plaintiff provide a social security number.

29. Due to Plaintiff's sincerely held religious practice, Plaintiff does not disclose a social security number.

30. Due to Plaintiff's sincerely held religious practice, Plaintiff did not disclose a social security number.

31. The online hiring process program did not allow Plaintiff to move forward in the hiring process.

32. On January 13, 2022, via email, Plaintiff expressed to Yvette that technical difficulties arose.

33. On January 13, 2022, via email, Plaintiff requested an accommodation to complete the hiring process by paper.

34. Plaintiff requested for Garry's contact information so that Plaintiff could send paperwork to resolve the issue.

35. Plaintiff requested an address to who/where Yvette reports Plaintiff's information to.

36. From January 13, 2022 to January 18, 2022, Yvette failed to acknowledge Plaintiff's request for religious accommodation.

37. From January 13, 2022 to January 18, 2022, Yvette refused to provide Plaintiff with a reasonable religious accommodation.

38. From January 13, 2022 to January 18, 2022, Yvette denied Plaintiff's request for religious accommodation.

39. On January 18, 2022, Plaintiff sent Yvette an email, with an attached notice titled Notice to Frederick.

40. Plaintiff expressed that he accepted the job offer.

41. Via email, Plaintiff requested that Yvette forward the exact email she received to Garry or another recipient who may provide assistance so that Plaintiff may begin with the position.

42. On January 18, 2022, Plaintiff informed Frederick that Plaintiff accepted the job offer.

43. On January 18, 2022, Plaintiff expressed to Frederick that Plaintiff held a sincere religious conviction.

44. On January 18, 2022, Plaintiff expressed to Frederick that Plaintiff had a religious practice of not disclosing a social security number.

45. On January 18, 2022, Plaintiff requested that Frederick communicate to his peers about Plaintiff's request for religious accommodation.

46. On January 18, 2022, Plaintiff sent an email to Donald with an attachment.

47. The attached notice to Donald expressed that Plaintiff accepted the job offer for the position offered by Garry.

48. Plaintiff expressed to Donald that he had a sincere religious conviction.

49. Plaintiff requested that Donald communicate to his peers about a solution to accommodate Plaintiff's request for religious accommodation.

50. From January 18, 2022 to January 19, 2022, Frederick failed to acknowledge Plaintiff's request for accommodation.

51. From January 18, 2022 to January 19, 2022, Frederick refused to provide a reasonable religious accommodation.

52. From January 18, 2022 to January 19, 2022, Frederick denied Plaintiff's request for religious accommodation.

53. From January 18, 2022 to January 19, 2022, Donald failed to acknowledge Plaintiff's request for accommodation.

54. From January 18, 2022 to January 19, 2022, Donald refused to provide a reasonable religious accommodation.

55. From January 18, 2022 to January 19, 2022, Donald denied Plaintiff's request for religious accommodation.

56. On January 19, 2022, via email, Yvette stated that based on the information received, Plaintiff did not meet the necessary criteria.

57. On January 19, 2022, via email, Yvette stated that Plaintiff refused to enter his social security number.

58. On January 19, 2022, Yvette stated that FedEx has determined to rescind the offer of employment for the position of Sr Service Agent.

59. On January 19, 2022, via email, Plaintiff asked Yvette who made the decision to rescind the job offer.

60. Yvette stated that the decision was made by her manager.

61. Yvette stated that she was sure the decision was made by Yvette's boss who is the MD for

that location.

62. Plaintiff requested for Yvette's manager's name.

63. Yvette stated that her manager's name was Julie Randall.

64. From January 13, 2022 to January 19, 2022, Defendants provided no documentary evidence to show that the alternative means of accommodation proffered by the Plaintiff could not be granted without imposing an undue hardship on Defendants operations.

65. By rescinding the job offer, Plaintiff was not given an equal opportunity to reach the stage of passing a background check/drug screening/other screening as part of the hiring process.

66. By rescission of the job offer, FedEx Express failed to hire Plaintiff with respect to his compensation because of his religion.

67. By rescission of the job offer, FedEx Express refused to hire Plaintiff with respect to his compensation because of his religion.

68. By rescission of the job offer, FedEx Express denied hiring Plaintiff with respect to his compensation because of his religion.

69. By rescission of the job offer, FedEx Express failed to hire Plaintiff with respect to his terms because of his religion.

70. By rescission of the job offer, FedEx Express refused to hire Plaintiff with respect to his terms because of his religion.

71. By rescission of the job offer, FedEx Express denied hiring Plaintiff with respect to his terms because of his religion.

72. By rescission of the job offer, FedEx Express failed to hire Plaintiff with respect to his conditions because of his religion.

73. By rescission of the job offer, FedEx Express refused to hire Plaintiff with respect to his

conditions because of his religion.

74. By rescission of the job offer, FedEx Express denied hiring Plaintiff with respect to his conditions because of his religion.

75. By rescission of the job offer, FedEx Express failed to hire Plaintiff with respect to his privileges of employment, because of his religion.

76. By rescission of the job offer, FedEx Express refused to hire Plaintiff with respect to his privileges of employment, because of his religion.

77. By rescission of the job offer, FedEx Express denied hiring Plaintiff with respect to his privileges of employment, because of his religion.

78. Despite that a basic reading of federal statutes makes it abundantly clear that Plaintiff possess' a right of free exercise and enjoyment of religion, Defendants acted in bad faith.

79. Despite that a basic reading of federal statutes makes it abundantly clear that Plaintiff possess' a right of free exercise and enjoyment of religion, Defendants denied a reasonable religious accommodation.

80. Despite that a basic reading of federal statutes makes it abundantly clear that Plaintiff possess' a right of free exercise and enjoyment of religion, Defendants rescinded Plaintiff's job offer.

81. Defendants practice of rescinding the job offer deprived Plaintiff of his right to proceed through the FedEx Express hiring process.

82. Defendants practice of rescinding the job offer, allowed the job position to reopened.

83. Defendants practice of rescinding the job offer, allowed a new employee to be hired for the position that Plaintiff was offered.

84. Plaintiff lost his ability to generate compensation to support his family, causing him profound stress and mental anguish.

85. After Plaintiff's denial of religious accommodation, Plaintiff suffered mental and emotional pain as a result of Defendants actions and omissions.

86. After the rescission of the job offer, Plaintiff suffered mental and emotional pain as a result of Defendants' actions and omissions.

87. As a result of Defendants' unlawful actions, Plaintiff now suffers anxiety and fear of exercising his religion when seeking job opportunities.

**FIRST CLAIM FOR RELIEF: Violation under Title VII– Religious Discrimination:**

**Denial of Religious Accommodation**

88. Paragraphs 1 through 87 are hereby restated and realleged as if fully set forth in First Claim.

89. Under Title VII, Plaintiff is entitled his right to freely exercise his bona fide religious beliefs and/or practices.

90. Under Title VII, Defendants have an obligation to act in a good faith effort to reasonably accommodate Plaintiff's religious belief when the practice conflicts with hiring process.

91. Under Title VII, Defendants are prohibited from failing, refusing, and denying an accommodation without showing that the alternative means of accommodation proffered by Plaintiff could not be granted without imposing an undue hardship on Defendants operations.

92. Plaintiffs' rights under Title VII are enforceable under 42 U.S.C § 2000e-2.

93. On January 13, 2022, Plaintiff informed Yvette of his religious belief and practice.

94. On January 13, 2022, Plaintiff informed Yvette that a conflict arose when Plaintiff was requested to disclose a social security number for the online stage of hiring.

95. On January 13, 2022, Plaintiff requested an accommodation to complete the hiring process by paper [offline].

96. On January 18, 2022, Plaintiff informed Frederick of his religious belief and practice.

97. On January 18, 2022, Plaintiff informed Frederick that a conflict arose when Plaintiff was requested to disclose a social security number for the online stage of hiring.

98. On January 18, 2022, Plaintiff requested an accommodation to complete the hiring process by paper [offline].

99. On January 18, Plaintiff informed Donald of his religious belief and practice.

100. On January 18, 2022, Plaintiff informed Donald that a conflict arose when Plaintiff was requested to disclose a social security number for the online stage of hiring.

101. On January 18, 2022, Plaintiff requested an accommodation to complete the hiring process by paper [offline].

102. Yvette forced a requirement of disclosing a social security number against Plaintiffs' request for religious accommodation.

103. Julie forced a requirement of disclosing a social security number against Plaintiffs' request for religious accommodation.

104. Frederick forced a requirement of disclosing a social security number against Plaintiffs' request for religious accommodation.

105. Donald forced a requirement of disclosing a social security number against Plaintiffs' request for religious accommodation.

106. Garry forced a requirement of disclosing a social security number against Plaintiffs' request for religious accommodation.

107. Defendants failed to show that the alternative means of accommodation proffered by Plaintiff from January 13, 2022 to January 19, 2022, could not be granted without imposing an undue hardship on Defendants operations.

108. The acts and omissions of the individual Defendants, unknown employees, and officers

violated Title VII by:

a) Failing to acknowledge that Plaintiff's bona fide religious belief held Plaintiff to a practice of not disclosing a social security number which conflicted with the online employment hiring process;

b) Denying a reasonable religious accommodation for Plaintiff to complete the hiring process by paper [offline] when Plaintiff requested;

c) Failing to make a good faith effort to reasonably accommodate Plaintiff's religious belief and practice; and

d) Failing to provide documentary evidence from January 13, 2022 to January 19, 2022, that the alternative means of accommodation requested by Plaintiff could not be granted.

e) Failing to provide documentary evidence from January 13, 2022 to January 19, 2022, that the alternative means of accommodation requested by Plaintiff, would impose an undue hardship on Defendants operations.

109. In addition to those listed above, the further acts and omissions of FedEx and FedEx Express, by and through itself or its employees, violated Plaintiff's protected right to work free from discrimination by:

a) Failing to train or educate its employees, agents or officers on protected rights under Title VII;

b) Failing to train or educate its employees, agents or officers on Title VII reasonably accommodating Plaintiff's sincerely held religious beliefs, observances, and practices when requested;

c) Failing to train or educate its employees, agents or officers on federal and state laws concerning Title VII-protected rights;

d) Failing to possess the minimum knowledge of Title VII reasonable religious accommodations and rights which is required by covered entities, as defined and governed

by Title VII and 42 U.S.C § 2000e-2;

e) Failing to create or implement its own policy regarding Title VII requirements for religious accommodations;

f) Failing to reinstate Plaintiff's job offer after multiple requests; and

g) Failing to discipline its employees, agents and officers after reasonable knowledge was attained.

110. Defendants knew, or should have known, said conduct was prohibited *per se*.

111. As a direct and proximate result of Defendants recklessly indifferent and calloused actions and violations toward Plaintiff's civil rights by the denial of Plaintiffs request for religious accommodation, and not hiring him *because* of his religion, caused actual damages including lost income and employment benefits, emotional pain and suffering, and other damages.

**WHEREFORE**, Plaintiff, respectfully demands for the following relief:

a. Declaration that Defendants have violated Plaintiff's rights under Title VII;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages;

d. An award of punitive damages as allowed by law;

e. An award of reasonable attorneys' fees, costs, and litigation expenses; and

f. Such other and further relief as this Court may deem just and equitable.

**SECOND CLAIM FOR RELIEF: Negligent Infliction of Emotional Distress**

112. Plaintiff hereby realleges the facts contained therein paragraphs 1 through 111.

113. Defendants owe the Plaintiff a duty to prohibit discrimination in any aspect of employment.

114. Defendants must not negligently breach that duty.

115. Plaintiff must suffer severe emotional distress as a result of the negligence.

116. Defendants failed to perform the duty owed to Plaintiff, when individual Defendants decided to rescind the job offer because of Plaintiff's religious practice.

117. After multiple emails and notices sent by U.S. mail, Defendants were aware of a religious accommodation request, but Defendants failed to acknowledge the request, failed to respond to the request, rescinded Plaintiffs job offer, and denied hiring Plaintiff because of his religious practice.

118. As a direct and proximate result of individual Defendants acts and omissions, Plaintiff suffered and is suffering severe emotional distress, mental anguish, humiliation, and embarrassment as he:

a) has to stress about finding another job;

b) has been denied compensation to support his family;

c) has to wake up early and stay up late in order to construct this claim;

d) has to witness his wife crying about falling into financial hardships;

e) has multiple headaches;

f) has multiple mood swings;

g) has anxiety as he must research and read laws to support his right of claim;

h) has to visit a medical doctor to check his blood pressure and headaches; and

i) has to take over the counter medications to relieve mental and physical pain.

**WHEREFORE**, Plaintiff, respectfully demands for the following relief:

a. Declaration that Defendants have negligently inflicted emotional distress upon Plaintiff;

b. An award of compensatory damages;

c. An award of punitive damages in a fair and reasonable amount;

d. An award of the costs, interest, attorney's fees, and disbursements incurred in this action; and

e. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated this 21st day of September, 2022.

By: _____
Ras Hezekiah Tafari, in propia persona