UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAS HEZEKIAH TAFARI,<br><br>   Plaintiff,<br><br>  v.<br><br>YVETTE RUCKER, *et al.*,<br><br>   Defendants. | Case No.  2:22-cv-01666-DAD-JDP (PS)<br><br><br>ORDER |

  Plaintiff Ras Tafari filed a first amended complaint against Federal Express Corporation and certain of its employees—Yvette Rucker, Julie Randall, Garry Moler—alleging that they violated federal law by rescinding his job offer when, for religious reasons, he did not provide his Social Security number on an employment form.[1] His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

## Screening and Pleading Requirements

  A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

---

[1] Plaintiff amended his complaint as a matter of course before the court had an opportunity to screen the original complaint. *See* Fed. R. Civ. P. 15(a)(1).

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that FedEx offered him a job as a part-time senior service agent but that the offer was rescinded during the employment processing stage because he failed to provide his Social Security number, citing his religious beliefs.  *Id.* at 3-6.  The complaint contains two claims: a federal claim for employment discrimination on account of religion under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e)-2; and a state law tort claim for negligent infliction of emotional distress.[2]  ECF No. 3 at 9, 12.

The Ninth Circuit has considered a factually similar case.  In *Sutton*, the plaintiff accepted a job from the defendant employer, but the plaintiff was unable to complete his employment form because his religious beliefs prohibited him from providing his Social Security number.  *Sutton v.*

---

[2] Plaintiff's discrimination claims against the individual defendants fail because there is no individual liability under Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

*Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999). The plaintiff was ultimately not hired because he did not provide his Social Security number. *Id.* at 830-31. The Ninth Circuit stated the applicable law for this claim.

> This court has adopted a two-part test for analyzing religious discrimination claims under Title VII. *See Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). First, "the employee must establish a prima facie case [of discrimination] by proving that (1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). "[I]f the employee proves a prima facie case of discrimination, the burden shifts to the employer to show either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Id.*

*Id.* at 830. Although the court found that the plaintiff demonstrated a prima facie case, it dismissed his claim with prejudice pursuant to a motion to dismiss. *Id.* at 830-31. The court determined that the defendant could not be liable because Immigration and Naturalization regulations and the Internal Revenue Code require employers to provide their employees' Social Security numbers. *Id.* Because accommodating the plaintiff's religious beliefs would cause the defendant to violate federal law, the court held that the "accommodation would 'cause undue hardship' as a matter of law." *Id.* at 831.

Even assuming that plaintiff here would be able to establish a prima facie case, accommodating his religious beliefs would be an undue hardship on defendants as a matter of law. *See id.*; *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (finding that the defendant-employer did not violate Title VII for not hiring a person who refused for religious reasons to provide his social security number because that accommodation would have necessarily caused the defendant to violate federal law, which constituted "undue hardship"); *Hommel v. Squaw Valley Ski Corp.*, 89 F. App'x 650, 650-51 (9th Cir. 2004) (affirming the district court's dismissal of plaintiff's complaint for failure to state a claim because "accommodating an employee who refused to give a SSN for religious reasons was an 'undue hardship' on the employer as a matter of law, precluding a Title VII claim"). While an

1 affirmative defense like undue hardship typically cannot be considered at this stage, on a religious
2 discrimination claim a court can consider such a defense if "success is obvious from the face of
3 the complaint or from judicially noticeable materials." *Bolden-Hardge v. Off. of California State*
4 *Controller*, 63 F.4th 1215, 1224 (9th Cir. 2023) (internal quotation and citation omitted).

5       Plaintiff also alleges a state law claim for negligent infliction of emotional distress. ECF
6 No. 1 at 12. But plaintiff has yet to assert a properly pleaded federal cause of action that would
7 permit supplemental jurisdiction over his state law claim. *See* 28 U.S.C. §§ 1331 ("The district
8 courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or
9 treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall
10 have supplemental jurisdiction over all other claims that are so related to claims in the action
11 within such original jurisdiction . . . ."). The complaint also fails to establish diversity of the
12 parties. *See* 28 U.S.C. § 1332; *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th
13 Cir. 1987). Accordingly, plaintiff has not established the court's jurisdiction over his state law
14 claim.

15       I will allow plaintiff a chance to amend his complaint before recommending that this
16 action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
17 will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th
18 Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
19 without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
20 complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
21 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
22 defendant's involvement in sufficient detail. The amended complaint should be titled "First
23 Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an
24 amended complaint, I will recommend that this action be dismissed.

25       Accordingly, it is hereby ORDERED that:

26       1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

27       2. Plaintiff's request for status, ECF No. 4, is granted.

28       3. Within thirty days from the service of this order, plaintiff must either file an

amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

    4. Failure to comply with this order will result in the dismissal of this action.

    5. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   May 12, 2023                                         
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE