1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAS HEZEKIAH TAFARI,                    Case No.  2:22-cv-01666-DAD-JDP (PS)

12                Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                             THAT THE SECOND AMENDED
13          v.                               COMPLAINT BE DISMISSED FOR
                                             FAILURE TO STATE A CLAIM
14   FEDERAL EXPRESS CORPORATION,
                                             ECF No. 6
15                Defendant.

16

17          Plaintiff brings this action against Federal Express Corporation, alleging that this

18   defendant violated his rights under Title VII of the 1964 Civil Rights Act by forcing him to

19   provide a social security number in order to secure employment—a policy to which he objects on

20   the basis of his religious beliefs.  ECF No. 6 at 16-18.  This allegation fails to state a claim, and I

21   recommend that the complaint be dismissed.

22                        **Screening and Pleading Requirements**

23          A federal court must screen the complaint of any claimant seeking permission to proceed

24   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

25   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

26   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

27   relief.  *Id.*

28

                                            1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that applying for or using a federal social security number would violate his sincerely held religious convictions.  ECF No. 6 at 1.  Specifically, he claims that defendant Federal Express Corporation violated his rights under Title VII when it declined to hire him based on his failure to provide a social security number.  *Id.* at 1-2.  I assume for the purposes of screening that plaintiff has made a *prima facie* case of religious discrimination.  That is, his convictions against using a social security number are sincere, that he informed defendant of his belief, and that defendant refused to hire him due to his failure to provide or use a social security number.  *See Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998).  In this case, however, defendant would violate federal law if it were to hire plaintiff without obtaining a social security number; requiring defendant to do so would, as a matter of law, impose an undue on

2

1   defendant.  *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999)

2   (rejecting a claim that failure to hire for want of a social security number violated Title VII and

3   holding that "an employer is not liable under Title VII when accommodating an employee's

4   religious beliefs would require the employer to violate federal or state law"); *see also Hommel v.*

5   *Squaw Valley Ski Corp.*, 89 F. App'x 650, 651 (9th Cir. 2004).  Although an undue hardship

6   defense is generally not taken up at the screening stage, it is appropriate to consider the defense

7   here, where the defense's "success is obvious from the face of the complaint or from judicially

8   noticeable materials."  *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1224

9   (9th Cir. 2023) (internal quotation and citation omitted).

10          Given that plaintiff cannot succeed on his claim without changing its fundamental nature,

11   and that he has already been granted leave to amend his complaint, I conclude that granting

12   further leave to amend would be futile.  *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir.

13   2011).

14          Accordingly, it is hereby RECOMMENDED that plaintiff's second amended complaint,

15   ECF No. 6, be DISMISSED without leave to amend for failure to state a claim upon which relief

16   may be granted.

17          These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22   objections shall be served and filed within fourteen days after service of the objections.  The

23   parties are advised that failure to file objections within the specified time may waive the right to

24   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

25   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

26

27

28

IT IS SO ORDERED.

Dated:    January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4