UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAS HEZEKIAH TAFARI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YVETTE TUCKER, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-01666-DAD-JDP (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 8) |

　　　　Plaintiff Ras Hezekiah Tafari, proceeding *pro se* and *in forma pauperis*, initiated this civil action on September 22, 2022.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 15, 2023, the assigned magistrate judge screened plaintiff's first amended complaint and found that plaintiff's allegations were insufficient to state his sole federal claim brought in this action—a federal claim for employment discrimination on account of religion under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e)-2.  (Doc. No. 5 at 2.)  The gravamen of plaintiff's claim is that defendant Federal Express Corporation "violated federal law by rescinding his job offer when, for religious reasons, he did not provide his Social Security number on an employment form."  (*Id.* at 1.)  The magistrate judge explained that plaintiff's Title VII claim is not cognizable because "accommodating [plaintiff's] religious beliefs would be an undue

/////

hardship on defendants as a matter of law." (*Id.* at 3–4) (citing cases).  Plaintiff was nevertheless granted leave to file a second amended complaint, which he did on June 16, 2023.  (Doc. No. 6.)

On January 16, 2024, the assigned magistrate judge screened plaintiff's second amended complaint and again found that plaintiff's allegations that defendant refused to hire him because he would not provide his social security number are insufficient to state a cognizable Title VII religious discrimination claim.  (Doc. No. 8.)  The magistrate judge again explained that plaintiff failed to state a cognizable Title VII religious discrimination claim because "defendant would violate federal law if it were to hire plaintiff without obtaining a social security number; [thus,] requiring defendant to do so would, as a matter of law, impose an undue [burden] on defendant." (*Id.* at 2–3) (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999) (rejecting a claim that failure to hire for want of a social security number violated Title VII and holding that "an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law")).  Further, because plaintiff had already been granted an opportunity to amend his allegations, the magistrate judge recommended that plaintiff's second amended complaint be dismissed without leave to amend. (*Id.* at 3.)

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 3.)  On January 24, 2024, plaintiff filed objections to the pending findings and recommendations.  (Doc. No. 9.)

In his objections, plaintiff primarily repeats the allegations included in his first amended complaint, which the magistrate judge already address in the pending findings and recommendations.  Plaintiff's objections are also largely conclusory in nature, e.g., "plaintiff's complaint provides enough facts" (Doc. No. 9 at 1), and do not address the Ninth Circuit decisions that the magistrate judge cited and discussed in both the screening order and the findings and recommendations.  Plaintiff's objections simply provide no basis upon which to reject the pending findings and recommendations.

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on January 16, 2024 (Doc. No. 8) are adopted in full;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 2, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE