1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAS HEZEKIAH TAFARI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YVETTE TUCKER, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:22-cv-1666-DAD-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff's second amended complaint was brought against defendant Federal Express Corporation, alleging that it violated plaintiff's rights under Title VII of the 1964 Civil Rights Act by forcing him to provide a social security number in order to secure employment—a policy to which he objects on the basis of his religious beliefs. ECF No. 6 at 16-18. On April 3, 2024, the court dismissed plaintiff's second amended complaint without leave to amend, finding that plaintiff failed to state a cognizable Title VII religious discrimination claim because "defendant would violate federal law if it were to hire plaintiff without obtaining a social security number; [thus,] requiring defendant to do so would, as a matter of law, impose an undue [burden] on defendant." ECF No. 10; *see* ECF No. 8. The court closed the case and entered judgment accordingly. ECF No. 11. Plaintiff now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60. ECF No. 17. I recommend that plaintiff's motion be denied.

1

Federal Rule of Civil Procedure 60 provides that a court may relieve a party of a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

Plaintiff neither presents newly discovery evidence, demonstrates that the court committed clear error, or shows that there has been an interviewing change in controlling law. Instead, plaintiff's motion merely reflects his disagreement with the court's order dismissing this case. Thus, plaintiff has failed to demonstrate any basis for reconsideration of the court's April 3, 2024 order dismissing this case.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for relief from judgment, ECF No. 17, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE